**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* ANDREW SHEA,<br><br>                    Plaintiff,<br><br>        v.<br><br>eHEALTH, INC., et al.,<br><br>                    Defendants. | Civil Action No. 21-cv-11777-DJC<br>Hon. Denise J. Casper |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**BY CVS HEALTH CORPORATION AND AETNA INC.**

**TABLE OF CONTENTS**

BACKGROUND ..................................................................................................................1

ARGUMENT ......................................................................................................................2

I.   THE COMPLAINT DOES NOT STATE A CLAIM AGAINST CVS HEALTH
     CORPORATION OR AETNA INC. ..........................................................................2

     A.   Group Pleading Is Not Sufficient to State a Claim Against CVS Health
          Corporation or Aetna Inc. ...............................................................................3

     B.   Paragraph 777 of the Complaint Does Not State a Claim Against CVS
          Health Corporation or Aetna Inc. ....................................................................4

CONCLUSION ...................................................................................................................7

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................. 6, 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................ 1

*Church Ekklasia Sozo Inc. v. CVS Health Corp.*,
  2022 WL 1572732 (W.D.N.C. Feb. 25, 2022) ....................................................................... 5

*Conley v. Gibson*,
  355 U.S. 41 (1957) .................................................................................................................. 1

*Lutz Surgical Partners PLLC v. Aetna, Inc.*,
  2021 WL 2549343 (D.N.J. June 21, 2021) .......................................................................... 5, 6

*Prestige Inst. for Plastic Surgery, PC v. Aetna, Inc.*,
  2024 WL 4349012 (D. Conn. Sept. 30, 2024) ......................................................................... 5

*Tashjian v. CVS Pharm., Inc.*,
  2020 WL 1931859 (D. Mass. Mar. 13, 2020) ......................................................................... 5

*United States ex rel. Ahumada v. Nat'l Ctr. for Emp't of the Disabled*,
  2013 WL 2322836 (E.D. Va. May 22, 2013) .......................................................................... 4

*United States ex rel. Ahumada v. NISH*,
  756 F.3d 268 (4th Cir. 2014) ................................................................................................... 4

*United States ex rel. Lisitza v. Par Pharm. Cos.*,
  2013 WL 870623 (N.D. Ill. Mar. 7, 2013) .............................................................................. 3

*United States ex rel. Nedza v. Am Imaging Mgmt., Inc.*,
  2020 WL 1469448 (N.D. Ill. Mar. 26, 2020) .......................................................................... 3

*United States ex rel. Schaengold v. Mem'l Health, Inc.*,
  2014 WL 6908856 (S.D. Ga. Dec. 8, 2014) ............................................................................ 3

*United States ex rel. Schmidt v. Zimmer, Inc.*,
  386 F.3d 235 (3d Cir. 2004) .................................................................................................... 3

*United States ex rel. Schutte v. SuperValu Inc.*,
  598 U.S. 739 (2023) ................................................................................................................ 6

*United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*,
  472 F.3d 702 (10th Cir. 2006) ................................................................................................. 2

*United States ex rel. Takemoto v. The Hartford Fin. Servs. Grp., Inc.*,
    157 F. Supp. 3d 273 (W.D.N.Y. 2016) ................................................................................4

*United States v. Bestfoods*,
    524 U.S. 51 (1998) ..............................................................................................................3

*United States v. Bornstein*,
    423 U.S. 303 (1976) .......................................................................................................2, 4

*United States v. Exec. Health Res., Inc.*,
    196 F. Supp. 3d 477 (E.D. Pa. 2016) ............................................................................3, 4, 5

*United States v. Lakeway Reg'l Med. Ctr., LLC*,
    2020 WL 6146571 (W.D. Tex. Feb. 13, 2020) ....................................................................4

The Government brings the same claims against CVS Health Corporation and Aetna Inc. that it brings against their subsidiary, Aetna Life Insurance Company. Although CVS Health Corporation and Aetna Inc. agree with and join fully in Defendants' motion to dismiss, the claims against CVS Health Corporation and Aetna Inc. are defective for the additional reason that the Government makes no allegation that CVS Health Corporation or Aetna Inc. did anything that could make them liable (as distinct from Aetna Life Insurance Company). The Government relies primarily on group-pleaded allegations. But those do nothing to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The sole paragraph of the Government's complaint that makes any substantive reference to either CVS Health Corporation or Aetna Inc. contains no well-pleaded allegations of conduct by those entities, nor does it connect either of them to the Government's theories of liability in this case. The claims against CVS Health Corporation and Aetna Inc. therefore should be dismissed.

## BACKGROUND

Aetna Life Insurance Company is a provider of health-insurance plans. Compl. ¶ 7. It is a wholly owned subsidiary of Aetna Inc., *id*. ¶ 7, which itself is an indirect subsidiary of CVS Health Corporation, *id*. ¶ 6. Aetna Life Insurance Company contracts with the Centers for Medicare & Medicaid Services to supply Medicare Advantage insurance plans. *Id*. ¶ 773. In this case, the Government alleges that Medicare Advantage Organizations marketed their products in ways that violated the Anti-Kickback Statute and certain non-discrimination regulations. *Id*. ¶¶ 799–866.

Although the complaint also names CVS Health Corporation and Aetna Inc. as defendants, it makes no allegation that CVS Health Corporation or Aetna Inc. themselves did anything that could make them liable in this case. Instead, the Government resorts to various forms of group

1

pleading. It primarily makes allegations about the collective "Aetna," *id*. ¶¶ 40, 101, 224–25, 241–42, 378–577, 750–52, 759, 773, 783–790, 794–96, 817–27, 841–52, 859–61, which it defines to encompass "Aetna, Inc., Aetna Life Insurance Company, and their affiliates or subsidiaries," *id*. ¶ 7, without differentiating between entities. In the counts of its complaint, the Government makes broad, conclusory allegations about the conduct of all "Defendant Insurers, including CVS Health," *id*. ¶¶ 808–12, 832–36, or about the conduct of "Humana, Aetna, and CVS Health," *id*. ¶¶ 817, 820–27, 841, 845–52, 859–61, again without differentiating between entities.

The Government's allegations about CVS Health Corporation or Aetna Inc. focus mostly on their status as corporate parents (directly or indirectly) of Aetna Life Insurance Company. *Id*. ¶¶ 6–7. The only specific factual allegation of conduct related to either CVS Health Corporation or Aetna Inc. appears in a single paragraph of the complaint, which alleges that certain individuals "signed" a periodic certification of enrollment and payment data "on behalf of" Aetna Inc. from 2016–2019 and CVS Health Corporation in 2020 and 2021. *Id*. ¶ 777. The Government does not allege that those individuals were employed by CVS Health Corporation or Aetna Inc., nor does it plead any fact that, if proved, would show that they were acting for either company as opposed to their operating subsidiary, Aetna Life Insurance Company.

## ARGUMENT

**I.   THE COMPLAINT DOES NOT STATE A CLAIM AGAINST CVS HEALTH CORPORATION OR AETNA INC.**

To plead a claim under the False Claims Act consistent with Federal Rule of Civil Procedure 9(b), the Government must make particularized allegations as to "the specific conduct of" each defendant it sues. *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 714 (10th Cir. 2006) (quoting *United States v. Bornstein*, 423 U.S. 303, 313 (1976)). The Government cannot rely on corporate parenthood to create liability, as it is a "general principle

2

of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998); *see United States ex rel. Lisitza v. Par Pharm. Cos.*, 2013 WL 870623, at *5 (N.D. Ill. Mar. 7, 2013) ("the FCA does not alter that general rule").

Instead, the Government must allege that CVS Health Corporation and Aetna Inc. each had "some level of direct involvement in causing the submission of false claims to the government." *United States v. Exec. Health Res., Inc.*, 196 F. Supp. 3d 477, 513 (E.D. Pa. 2016); *accord United States ex rel. Schaengold v. Mem'l Health, Inc.*, 2014 WL 6908856, at *14 (S.D. Ga. Dec. 8, 2014). That requires more than "mere participation in a scheme that results in an eventual submission of a false claim" by another. *Schaengold*, 2014 WL 6908856, at *14. "[A]wareness that another may, or even has, chosen to make . . . a [false] claim does not alone constitute causing a false claim to be presented." *United States ex rel. Schmidt v. Zimmer, Inc.*, 386 F.3d 235, 245 (3d Cir. 2004) (internal quotation marks omitted). Nor is "[i]naction" coupled with such "knowledge of an alleged fraudulent scheme" enough. *Exec. Health*, 196 F. Supp. 3d at 513; *see also United States ex rel. Nedza v. Am Imaging Mgmt., Inc.*, 2020 WL 1469448, at *11 (N.D. Ill. Mar. 26, 2020) ("[K]nowledge and inaction—standing alone—cannot form the basis of FCA liability."). Here, the Government's entirely conclusory allegations about the conduct of CVS Health Corporation or Aetna Inc. are improper in two respects.

### A. Group Pleading Is Not Sufficient to State a Claim Against CVS Health Corporation or Aetna Inc.

The Government primarily resorts to group pleading. It levels many allegations against the collective "Aetna," Compl. ¶¶ 40, 101, 224–25, 241–42, 378–577, 750–52, 759, 773, 783–790, 794–96, 817–27, 841–52, 859–61, which it defines to encompass "Aetna, Inc., Aetna Life Insurance Company, and their affiliates or subsidiaries," *id.* ¶ 7. But the Government does not

3

differentiate between entities in making any of those allegations. Then, in the counts of its complaint, the Government makes broad, conclusory allegations about all "Defendant Insurers, including CVS Health," *id*. ¶¶ 808–12, 832–36, or about the conduct of "Humana, Aetna, and CVS Health," *id*. ¶¶ 817, 820–27, 841, 845–52, 859–61, again without differentiating between entities. (Indeed, the counts consist merely of conclusory recitations of legal standards with no factual allegations at all.)

This "group[ing of] related corporations together without differentiating as to the involvement of each" "violates Rule 8(a)" because "the FCA 'penalizes a person for his own acts, not for the acts of someone else.'" *United States ex rel. Takemoto v. The Hartford Fin. Servs. Grp., Inc.*, 157 F. Supp. 3d 273, 280–81 (W.D.N.Y. 2016) (quoting *Bornstein*, 423 U.S. at 312). It also violates Rule 9(b) because it does not "set forth with particularity each defendant's culpable conduct." *United States ex rel. Ahumada v. Nat'l Ctr. for Emp't of the Disabled*, 2013 WL 2322836, at *3 (E.D. Va. May 22, 2013), *aff'd sub nom. United States ex rel. Ahumada v. NISH*, 756 F.3d 268, 281 n.9 (4th Cir. 2014) (criticizing relator's "undifferentiated allegations against 'the supplier defendants' as a group" because "Rule 9(b) requires a relator to plead FCA claims with *particularity*" (brackets omitted) (emphasis in original)). For that reason, an FCA plaintiff's "allegations against [a parent company] and its subsidiaries must be particularized in order to state a claim against each defendant." *Exec. Health*, 196 F. Supp. 3d at 517 n.38; *accord United States v. Lakeway Reg'l Med. Ctr., LLC*, 2020 WL 6146571, at *2 (W.D. Tex. Feb. 13, 2020). The Government's group-pleaded allegations fail to do that.

    **B.    Paragraph 777 of the Complaint Does Not State a Claim Against CVS Health Corporation or Aetna Inc.**

The sole instance in which the Government makes a factual allegation specifically about CVS Health Corporation or Aetna Inc.—other than its allegation of corporate parenthood—is a

single paragraph at the end of the complaint that alleges that certain individuals "signed" a form certifying the accuracy of Medicare Advantage enrollment and payment data "on behalf of" Aetna Inc. from 2016–2019 and CVS Health Corporation in 2020 and 2021.  Compl. ¶ 777.  That allegation does not plead any "direct involvement" by either company in anything, much less any conduct related to "causing the submission of false claims to the government." *Exec. Health*, 196 F. Supp. 3d at 513.

*First*, the Government makes no allegation that CVS Health Corporation or Aetna Inc. did anything to cause these certifications to be signed.  Instead, the Government simply incants that the certifications were signed "on behalf of" CVS Health Corporation (in 2020 and 2021) and Aetna Inc. (from 2016 to 2019).  Compl. ¶ 777.  The Government does not even allege that CVS Health Corporation or Aetna Inc. employed or directed the individuals who signed these certifications.  *Id*. ¶¶ 773, 777.[1]  Nor could it, as numerous courts have recognized that CVS Health Corporation and Aetna Inc. are holding companies that do not have employees or provide healthcare services.  *See Church Ekklasia Sozo Inc. v. CVS Health Corp.,* 2022 WL 1572732, at *3 (W.D.N.C. Feb. 25, 2022); *Tashjian v. CVS Pharm., Inc.*, 2020 WL 1931859, at *3 (D. Mass. Mar. 13, 2020); *Lutz Surgical Partners PLLC v. Aetna, Inc.*, 2021 WL 2549343, at *4 (D.N.J. June 21, 2021); *Prestige Inst. for Plastic Surgery, PC v. Aetna, Inc*., 2024 WL 4349012, at *4–5 (D. Conn. Sept. 30, 2024).

*Second*, even if either company had certified the accuracy of enrollment or payment data, that has nothing to do with the Government's theory that certain Defendants "discriminated" against individuals who were ***not*** enrolled in their MA plans (Counts II, V, and VII).  Indeed, the Government does not even claim these certifications relate to its discrimination theory.  Rather, it

---

[1] The Government simply returns to group pleading, alleging that the amalgam "Aetna" employed the individuals who signed the certifications. Compl. ¶¶ 776, 780.

makes allegations about enrollment and payment-data certifications in a section of the complaint that exclusively concerns the Government's Anti-Kickback Statute theories. Compl. ¶¶ 765–82.[2] For this reason, the Government's discrimination-related claims (Counts II, V, and VII) should be dismissed as to CVS Health Corporation and Aetna Inc.

*Third*, even if the supposed certifications of the accuracy of enrollment or payment data could be considered false under the Government's kickback theory (Counts I, III, IV, VI, and VII), the Government fails to allege that CVS Health Corporation or Aetna Inc. knew those certifications were false. The Government's theory appears to be that these certifications were untrue because in reaching a total count of beneficiaries, they counted beneficiaries enrolled through brokers who are subject to the Government's kickback theories. *Id.* ¶ 782. Even if that were viable as a theory against Aetna Life Insurance Company, the Government does not allege that CVS Health Corporation or Aetna Inc. had any involvement in the alleged payments to those brokers (or any communication with them). The Government thus does nothing to plead that CVS Health Corporation or Aetna Inc. had any knowledge or reason to know the certifications were not accurate. *See United States ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 750 (2023) (FCA liability requires "actual knowledge, deliberate ignorance, or recklessness"). At most, it makes conclusory assertions in the counts of its complaint that various "promises and certifications were knowingly and materially false." Compl. ¶ 810. That is another "threadbare recital[]of a cause of action's elements, supported by mere conclusory statements" that is "not entitled to the assumption

---

[2] In its discrimination-related counts, the Government makes conclusory reference to various "promises and certifications" that "were knowingly and materially false." Compl. ¶¶ 820–24. But even if those separate references were meant to refer to the certification regarding enrollment and payment data allegedly signed "on behalf of" CVS Health Corporation and Aetna Inc., those allegations are simply "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which are "not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009).

of truth." *Iqbal*, 556 U.S. at 663–64.  For this reason, the Government's kickback-related claims (Counts I, III, IV, VI, and VII) should be dismissed as to CVS Health Corporation and Aetna Inc.

*Fourth*, at minimum, the Government's claims against CVS Health Corporation should be limited to the years 2020 and 2021 and its claims against Aetna Inc. should be limited to the years 2016–2019.  The certifications the Government attributes to CVS Health Corporation allegedly were made in 2020 and 2021.  Compl. ¶ 777.  The Government therefore makes no allegation that plausibly could hold CVS Health Corporation liable before then.[3]  And the certifications the Government attributes to Aetna Inc. allegedly were made between 2016 and 2019. *Id*. ¶ 777.  The Government therefore makes no allegation that plausibly could hold CVS Health Corporation liable after then.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss all claims brought against CVS Health Corporation and Aetna Inc.

---

[3] Nor could the Government make such an allegation, given CVS Health Corporation did not even acquire Aetna Inc. until the end of 2018.

7

Dated: August 19, 2025                                    Respectfully submitted,

*/s/ Holly M. Conley*
Enu Mainigi (*pro hac vice*)
Holly M. Conley (*pro hac vice*)
Kenneth Brown (*pro hac vice* pending)
Benjamin Hazelwood (*pro hac vice* pending)
Jeffrey G. Ho (BBO #714047)
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC  20024
Tel: (202) 434-5000
emainigi @wc.com
hconley@wc.com
kbrown@wc.com
bhazelwood@wc.com
jho@wc.com
*Counsel to CVS Health Corporation, Aetna Life Insurance Company, and Aetna Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via ECF on August 19, 2025.

                                                  */s/ Holly M. Conley*
                                                  Holly M. Conley
                                                  Dated: August 19, 2025

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for Defendants conferred in good faith with counsel for the Government regarding the foregoing motion in an effort to resolve or narrow the issues contained therein.

*/s/ Holly M. Conley*
Holly M. Conley
Dated: August 19, 2025