UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ANDREW SHEA,<br><br>                    Plaintiff,<br><br>        v.<br><br>eHEALTH, INC., et al.,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 21-cv-11777-DJC<br>)  Hon. Denise J. Casper<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY IN SUPPORT OF MOTION TO DISMISS
BY CVS HEALTH CORPORATION AND AETNA INC.**

**TABLE OF CONTENTS**

ARGUMENT ..........................................................................................................................1

I.  THE COMPLAINT DOES NOT STATE A CLAIM AGAINST CVS HEALTH
    CORPORATION OR AETNA INC. ...........................................................................1

    A.  Group Pleading Is Not Sufficient To State a Claim Against CVS Health
        Corporation or Aetna Inc. ................................................................................1

    B.  Paragraph 777 of the Complaint Does Not State a Claim Against CVS
        Health Corporation or Aetna Inc. ....................................................................3

CONCLUSION .....................................................................................................................4

# TABLE OF AUTHORITIES

**Cases**

*Craftmatic Sec. Litig. v. Kraftsow*,
   890 F.2d 628 (3d Cir. 1989) ............................................................................................... 2

*D'Agostino v. ev3, Inc.*,
   845 F.3d 1 (1st Cir. 2016) .................................................................................................. 2

*Gray v. BMW of N. Am., LLC*,
   2014 WL 4723161 (D.N.J. Sept. 23, 2014) ....................................................................... 2

*In re Volkswagen Timing Chain Prod. Liab. Litig.*,
   2017 WL 1902160 (D.N.J. May 8, 2017) .......................................................................... 2

*Redondo-Borges v. U.S. Dep't of Hous. & Urb. Dev.*,
   421 F.3d 1 (1st Cir. 2005) .................................................................................................. 4

*United States ex rel. Ahumada v. NISH*,
   756 F.3d 268 (4th Cir. 2014) ............................................................................................. 3

*United States ex rel. Bassan v. Omnicare, Inc.*,
   2025 WL 1591609 (S.D.N.Y. June 5, 2025) ..................................................................... 4

*United States ex rel. Behnke v. CVS Caremark Corp.*,
   2025 WL 1758623 (E.D. Pa. June 25, 2025) ..................................................................... 3

*United States v. Lakeway Reg'l Med. Ctr., LLC*,
   2020 WL 6146571 (W.D. Tex. Feb. 13, 2020) .................................................................. 3

*United States ex rel. Dyer v. Raytheon Co.*,
   2013 WL 5348571 (D. Mass. Sept. 23, 2013) ................................................................... 4

**Other Authorities**

RESTATEMENT (THIRD) OF AGENCY (A.L.I. 2006) ....................................................................... 3

The Government's opposition doubles down on group-pleaded allegations that say nothing about what CVS Health Corporation or Aetna Inc. supposedly did to violate the FCA. The FCA and Rule 9(b) forbid plaintiffs from pleading corporate-parent liability in this way. Nor can the Government rely on the only allegation it made as to conduct supposedly by the corporate parents, which accuses individuals of submitting certifications "on behalf of" them. The Government makes no allegation to connect those certifications to a plausible theory of FCA violations by CVS Health Corporation or Aetna Inc. The claims against the corporate parents should be dismissed.

## ARGUMENT

### I. THE COMPLAINT DOES NOT STATE A CLAIM AGAINST CVS HEALTH CORPORATION OR AETNA INC.

The Government agrees that "a parent corporation is generally not liable for the acts of its subsidiaries." Opp. 1. And it does not address the caselaw making clear that FCA liability requires some "direct involvement in causing the submission of false claims to the government." Mot. 3. The Government's theories of liability fail these standards.

### A. Group Pleading Is Not Sufficient To State a Claim Against CVS Health Corporation or Aetna Inc.

The Government relies on allegations about groups of defendants without differentiating what CVS Health Corporation or Aetna Inc. is specifically accused of. *See* Opp. 1–3, 5 (citing Compl. ¶¶ 30, 95, 98–102, 378–577, 776, 788–90, 794, 799–862). The Government concedes that its "references to the collective Aetna entities" could be "viewed as 'group pleading,'" Opp. 5, but argues this is permitted because the "alleged fraud [was] perpetrated by sophisticated corporate entities that are related to each other," Opp. 5 (quotations omitted). It relies on decades-old authority stating that "application of Rule 9(b) prior to discovery 'may permit sophisticated defrauders to successfully conceal the details of their fraud.'" Opp. 4 (quoting *Craftmatic Sec.*

1

*Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989)). These days, Rule 9(b) must be applied before discovery. *See D'Agostino v. ev3, Inc.*, 845 F.3d 1, 10 (1st Cir. 2016).

The Government also relies (Opp. 5–6) on two non-FCA decisions of the District of New Jersey. One noted the plaintiff still made "clear" "allegations against each entity" even despite the "limited information in Plaintiffs' possession." *In re Volkswagen Timing Chain Prod. Liab. Litig.*, 2017 WL 1902160, at *9-10 (D.N.J. May 8, 2017). The other "relaxed" Rule 9(b) because of allegations of fraudulent concealment in the context of opaque corporate relationships. *See Gray v. BMW of N. Am., LLC*, 2014 WL 4723161, at *2 (D.N.J. Sept. 23, 2014). Neither decision allows the Government, after years of investigation, to group-plead its way to discovery in an FCA case where the Government acknowledges Defendants' corporate relationships were detailed in a public SEC filing in 2018. *See* Opp. 6 n.2.

The Government does not address Defendants' cases stating that the FCA and Rule 9(b) require "particularized allegations as to 'the specific conduct of' **each defendant** it sues," Mot. 2 (emphasis added) (quotations omitted), especially for claims against a parent and subsidiary, *see* Mot. 3–5. In trying to distinguish Defendants' other authorities, the Government effectively admits as much: FCA claims are not viable if the complaint "lump[s] together" various defendants or "creat[es] confusion" by failing to "distinguish between" them. Opp. 6 (citing *United States ex rel. Ahumada v. NISH*, 756 F.3d 268, 281 n.9 (4th Cir. 2014); *United States v. Lakeway Reg'l Med. Ctr., LLC*, 2020 WL 6146571, at *2 (W.D. Tex. Feb. 13, 2020)). The Government's "collective" style of pleading cannot state a claim against CVS Health Corporation or Aetna Inc.

## B.  Paragraph 777 of the Complaint Does Not State a Claim Against CVS Health Corporation or Aetna Inc.

The Government's sole factual allegation about CVS Health Corporation or Aetna Inc. specifically (other than about corporate parenthood) is in ¶ 777. *See* Mot. 4–6. Its effort to craft a liability theory from this one paragraph falls short:

*First*, the Government does not dispute that neither CVS Health Corporation nor Aetna Inc. employed the individuals who signed the certifications. Mot. 5. It presumes they were agents of the parent corporations with authority to bind them, but cites no allegation that, if proved, would establish such a relationship. It also relies on provisions of the Restatement that do not establish the existence of an agency relationship for it. *See* RESTATEMENT (THIRD) OF AGENCY §§ 2.03, 3.03, 7.08 (A.L.I. 2006).[1] The Government's own authority (Opp. 4) rejected liability for CVS Health Corporation even though that entity was the "signatory" because the person who signed did so "in his role as a [subsidiary] employee." *See United States ex rel. Behnke v. CVS Caremark Corp.*, 2025 WL 1758623, at *48 (E.D. Pa. June 25, 2025). The Government points to no allegation here that any signatory did so in any capacity other than as a "[subsidiary] employee." Nor does *Bassan* support the Government. Opp. 2, 3, 6, 7. That decision created an agency theory from a Corporate Integrity Agreement regarding pharmacies, which has nothing to do with Medicare Advantage or this case. *See United States ex rel. Bassan v. Omnicare, Inc.*, 2025 WL 1591609, at *11 (S.D.N.Y. June 5, 2025), *appeal filed* No. 25-2257 (2d Cir. Sept. 15, 2025).

*Second*, nothing in ¶ 777 relates to the Government's non-discrimination theory—which appears in a section of the Complaint about the AKS theory. The Government claims the certifications from ¶ 777 were false under its non-discrimination theory, but those certifications

---

[1] The Government refers (Opp. 3) to ¶ 95, but that is yet another group-pleaded paragraph.

3

were about the accuracy of data concerning individuals who had enrolled in an MA plan, while its non-discrimination allegations are about people who did not enroll. Mot. 5–6.

*Third*, ¶ 777 does not allege that CVS Health Corporation or Aetna Inc. knew the certifications were false.  The Government argues "knowledge may be alleged generally" (Opp. 4), but it cannot make collective allegations against multiple corporations without identifying an individual whose knowledge can be imputed to a particular defendant, *see United States ex rel. Dyer v. Raytheon Co.*, 2013 WL 5348571, at *26 (D. Mass. Sept. 23, 2013).  And the only allegation the Government cites does not describe relevant knowledge at all, stating only that the collective "Aetna" knew "the AKS applied to Medicare Advantage plans and enrollments." Opp. 4 (citing Compl. ¶ 383).  Nor can the Government create a "reckless" liability theory by claiming without any allegation that CVS Health Corporation and Aetna Inc. "ignore[d] pervasive misconduct by 'ostrich-like behavior.'"  Opp. 4–5; *see Redondo-Borges v. U.S. Dep't of Hous. & Urb. Dev.*, 421 F.3d 1, 7 n.2 (1st Cir. 2005) (rejecting additional allegations brought in an opposition to motions to dismiss).

*Fourth*, the Government ignores—and thereby concedes—that at a minimum its claims must be narrowed as ¶ 777 made no allegations about Aetna Inc. outside the years 2016–2019 and no allegations about CVS Health Corporation outside the years 2020 and 2021. *See* Mot. 7.

\*    \*    \*

Finally, the Government notes (Opp. 6–7) that an unrelated subsidiary of CVS Health Corporation faced a nearly one-billion-dollar judgment earlier this year and filed for bankruptcy.  That is irrelevant.  The Government admits corporate separateness (Opp. 1) and cites no law making an unrelated subsidiary's bankruptcy relevant under the FCA (because there is none).

## CONCLUSION

The Court should dismiss all claims against CVS Health Corporation and Aetna Inc.

Dated:  December 19, 2025                              Respectfully submitted,

                                                       WILLIAMS & CONNOLLY LLP

                                                       */s/ Holly M. Conley*
                                                       Enu Mainigi (*pro hac vice*)
                                                       Holly M. Conley (*pro hac vice*)
                                                       Kenneth Brown (*pro hac vice*)
                                                       Benjamin Hazelwood (*pro hac vice* )
                                                       Jeffrey G. Ho (BBO #714047)
                                                       Williams & Connolly LLP
                                                       680 Maine Avenue SW
                                                       Washington, DC  20024
                                                       Tel: (202) 434-5000
                                                       emainigi @wc.com
                                                       hconley@wc.com
                                                       kbrown@wc.com
                                                       bhazelwood@wc.com
                                                       jho@wc.com
                                                       *Counsel to CVS Health Corporation, Aetna*
                                                       *Life Insurance Company, and Aetna Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via ECF on December 19, 2025.

*/s/ Holly M. Conley*
Holly M. Conley
Dated: December 19, 2025
