UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ANDREW SHEA,<br><br>*Plaintiff,*<br><br>v.<br><br>eHEALTH, INC., *et al.*,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 21-cv-11777-DJC<br>)<br>)<br>)<br>)<br>) |

**THE UNITED STATES' OPPOSITION TO
EHEALTH'S MOTION TO CONDUCT EARLY DISCOVERY**

Without so much as issuing a privilege log, eHealth suggests the Government's case might be "tainted" by exposure to unidentified privileged information and that eHealth is therefore entitled to early discovery. Mot. at 1, Dkt. No. 126. But eHealth has not carried its burden of establishing privilege, let alone showing that there is good cause to depart from the normal discovery process that the Federal Rules of Civil Procedure prescribe. The Court should deny the Motion.

eHealth's Motion stumbles out of the gate—the company has skipped the first step of making a privilege claim over the documents that Relator returned to the company. That is, eHealth has not identified the allegedly privileged or protected documents in a way that would allow the Government to search for them in its records or understand any specific privilege claims. *See* Mot. at 4 (generally discussing, but not identifying, "communications in which eHealth in-house attorneys are asked to opine on agreements concerning marketing payments"). The Government is not aware of any privileged documents in its possession from any witness or entity, including both eHealth and Relator. If eHealth identifies documents that it believes are protected, the Government will promptly evaluate and address any privilege claim. Having failed to even

1

lay the groundwork for its privilege claims, eHealth cannot show, as it must, that its requested relief will preclude irreparable harm, that the burdens of early discovery are warranted, and that its request is not premature.

## ARGUMENT

### I.    Background

Relator served his initial *qui tam* complaint on the Attorney General of the United States on or around November 10, 2021. Dkt. No. 1. During the Government's multi-year investigation, eHealth produced approximately 85,000 documents to the Government. The Government presented to eHealth's counsel three times, laying out its investigative findings and highlighting specific evidence that the Government considered probative. Not once did eHealth suggest that the Government was relying on privileged or otherwise protected eHealth materials.

On May 1, 2025, the Government filed its Complaint in Partial Intervention (the "Complaint"), and the Court unsealed the case. Dkt. No. 41. eHealth and other defendants moved to dismiss the Complaint in August 2025, Dkt. Nos. 114–17, and the Government opposed in October 2025, Dkt. Nos. 120–22. Following receipt of the Complaint, not once did eHealth suggest that the Government was relying on privileged or otherwise protected eHealth materials.

On December 1, 2025, eHealth's counsel advised the Government that Relator's counsel had disclosed an issue relating to potentially privileged material. Specifically, Relator's counsel disclosed to eHealth that Relator possessed certain materials from his employment at eHealth that were potentially privileged, that Relator's counsel had seen some of those materials, and that Relator's counsel had returned those materials to eHealth. Mot. at 3–5. The Government requested that eHealth identify the privileged documents or the potentially affected portions of any paragraphs of the Complaint. To date, however, eHealth has not provided any privilege log or

other list of privileged documents[1] that would enable the Government to search its records. The only information provided is eHealth's partial identification of a single example quoted in Relator's complaint, but not in the Government's Complaint.

## II.    Legal Standard

A party seeking to obtain expedited discovery before the Rule 26(f) Conference must show good cause. *Momenta Pharms., Inc. v. Teva Pharms. Indus. Ltd.*, 765 F. Supp. 2d 87, 88 (D. Mass. 2011) (citing Fed. R. Civ. P. 26(b)(1)). Several courts in this District have applied a reasonableness inquiry, assessing "the purpose for the discovery, the ability of the discovery to preclude demonstrated irreparable harm, the plaintiff's likelihood of success on the merits, the burden of discovery on the defendant, and the degree of prematurity." *McMann v. Doe,* 460 F. Supp. 2d 259, 265 (D. Mass. 2006) (citing 6–26 MOORE'S FEDERAL PRACTICE—CIVIL § 26.12 (2006)); *accord, e.g.*, *Momenta*, 765 F. Supp. 2d at 89. "A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." *Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004).

---

[1] A party asserting attorney-client privilege bears the burden of establishing its elements. *E.g.*, *United States v. Bisanti*, 414 F.3d 168, 170 (1st Cir. 2005). Unlike communications with outside counsel, "there is no presumption that communications with in-house counsel are protected by attorney-client privilege." *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019). Where a communication may relate to both legal and business advice, for example, a corporation seeking to assert privilege over documents involving in-house counsel must make a "clear showing" that the "primary purpose" of the communication was to obtain legal advice. *Id.* at 873 (quoting *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002)); *see also Borase v. M/A COM, Inc.*, 171 F.R.D. 10, 14 (D. Mass. 1997). On eHealth's vague description of "communications in which eHealth in-house attorneys are asked to opine on agreements concerning marketing payments," Mot. at 4, for example, it is not clear that the primary purpose was legal advice.

3

### III.     eHealth Has Not Demonstrated Good Cause For Expedited Discovery

The Court should deny eHealth's request because the company has failed to carry its burden of establishing (1) that the early discovery is able to "preclude demonstrated irreparable harm," (2) that the "burden of [the requested] discovery" is warranted, and (3) that the requested relief is not premature. *McMann*, 460 F. Supp. 2d at 265.

*Early discovery will not preclude demonstrated irreparable harm.*  eHealth cannot show that a deposition of Relator and production of Relator's disclosure statement before the start of discovery would "preclude demonstrated irreparable harm" where eHealth has not even identified and logged privileged material from what Relator has returned. *McMann*, 460 F. Supp. 2d at 265. When the Government asked eHealth to identify the portion of Relator's own amended complaint that eHealth was concerned might reflect the possession of privileged materials, eHealth referred to a squarely unprivileged quotation that described an email sent by a non-attorney executive to Relator regarding sales. Dkt. No. 40 ¶ 161 ("About a year later, in the summer of 2019, Mr. Rooney sent an email to Relator about 'Anthem Medicare Investments' and said: 'As a reminder, Q4 volume commitment is 19K sent MA apps.'"). Even assuming for the sake of argument that this unprivileged quotation in Relator's amended complaint comes from a document that also contains separate privileged information, eHealth would not be justified in withholding that non-privileged statement (and the Government's Complaint does not reference this document). Again, absent a privilege log, the United States cannot evaluate whether it possesses any privileged materials or challenge eHealth's claim over all or some portion of a document.

eHealth never explains why its concerns cannot be addressed in regular discovery. The purely speculative scenarios eHealth cites as support for *early* discovery do not justify an early deposition under the inquiry set forth in *McCann*. eHealth discusses preventing "additional disclosures" by Relator that could "worsen[] any taint[,]" Mot. at 7, but fails to explain how an

4

early deposition would preclude such theoretical disclosures—all the more so where, according to eHealth's Motion, it was Relator and his counsel who identified the potentially privileged materials and returned them to eHealth.  *See* Mot. at 3.  Similarly, eHealth theorizes that "the Government may unknowingly act on information that came from Relator's access to protected materials." *Id.* at 7.  Again, the proper way to address this concern is for eHealth to identify documents over which it claims privilege in a manner that allows the Government to search its records for such documents.  It has not done that.

In any event, the Government filed a 213-page Complaint that quotes from or cites approximately 450 documents, none of which eHealth has pointed to as being privileged.[2]  To state the obvious: the attorney-client privilege does not protect facts (such as those contained in documents that eHealth itself produced or witness testimony), which is what Complaint consists of.  *See Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981).  The Government has reviewed all documents cited in its Complaint and remains confident that it is based entirely on facts and not on any privileged or protected material.

*The burden of the requested discovery is not warranted.*  In seeking early discovery, eHealth must also show that the burden on the non-moving parties is warranted.  *See McMann*, 460 F. Supp. 2d at 265.  But eHealth simply assumes away any burden on the Government, based on nothing more than *ipse dixit*.  Mot. at 8 ("The deposition would not meaningfully burden Relator or the Government.").  Indeed, eHealth even tells the Court that it should grant the requested relief

---

[2] eHealth implies an obfuscatory purpose where the Complaint quotes from a communication but "does not include in or attach to the Complaint" the full communication.  Mot. at 4 n.3.  The Government was not hiding Relator's identity.  In the paragraph immediately before that which eHealth cites, and which describes the very same document that eHealth attaches to its current Motion, Dkt. No. 127-5 ("Hafer Decl. Ex. E"), the Government identified Relator by name, *see* Dkt. 41 ¶ 300.

without "preemptively addressing how the deposition is to be conducted." Mot. at 10. But the "how" is significant, and eHealth must address it under the "burden" portion of the *McCann* standard. For example, how would eHealth ask questions about purportedly privileged documents in the presence of opposing counsel? Would the United States need to assign a filter attorney and educate that attorney on the substance of the case and the nature of this privilege dispute? Such burden is unwarranted here—especially where, according to eHealth's Motion, Relator's counsel alerted the company to the issue and returned documents. Mot. at 3. Further, the cases on which eHealth relies do not help it. Both involve actions seeking equitable relief, in which the need for early discovery can be acute. *See KPM Analytics N. Am. v. Blue Sun Sci., LLC*, 540 F. Supp. 3d 145, 146 (D. Mass. 2021); *Jimenez v. Nielsen*, 326 F.R.D. 357, 362 (D. Mass. 2018). If there ever needs to be such discovery after eHealth makes appropriate privilege determinations, it can occur in the normal course.

*Early discovery would be premature*. eHealth must also demonstrate that its requested early discovery is not premature. *McMann,* 460 F. Supp. 2d at 265. Here, an early deposition would be overly premature for at least two reasons. First, as described above, eHealth has failed to lay the requisite foundation of identifying the allegedly privileged documents or portions of documents and the basis for any privilege claims. Second, eHealth declines to explain the need for the deposition now, outside the normal course of regular discovery. That omission is particularly glaring where eHealth has a pending motion to dismiss the case in its entirety. Accordingly, eHealth also fails the prematurity prong of the *McCann* standard.

The Government will take appropriate steps to evaluate and address any specific privilege or protection assertions eHealth may raise. As it stands, eHealth has not shown (i) that its request

will "preclude demonstrated irreparable harm," (ii) that the "burden of [the requested] discovery" is warranted, nor (iii) that its early discovery request is appropriately timed. *Id.*

### IV.  eHealth's Commentary About Remedies Is Speculative And Meritless

eHealth argues that "[d]epending on the scope and severity of the problem, additional remedies may be required."[3] Mot. at 7. Again, eHealth has not even taken the first step to show that there is a problem by identifying privileged documents and allowing an adverse party (here, the Government) to evaluate and take appropriate action. And the cases that eHealth cites involve factual and legal situations distinct from those present here. *See id.* at 7-8. Those cases intermingle inapplicable Sixth Amendment standards for criminal defendants (*United States v. DeCologero*, 530 F.3d 36 (1st Cir. 2008)); the question of interlocutory appealability of an order under Fed. R. Crim. P. 41(g) (*United States v. Korf*, 11 F.4th 1235 (11th Cir. 2021)); and egregious misconduct during civil litigation amounting to "fraud upon the court" (*Perna v. Elec. Data Sys., Corp.*, 916 F. Supp. 388, 399, 402 (D.N.J. 1995) (theft of documents from an opposing lawyer's briefcase during a case-related meeting)). None are relevant here.

The Government will address any arguments on remedies if and when they are actually made. For now, it suffices to say that the Government's Complaint is supported by witness testimony and hundreds of documents—many of which eHealth itself produced and none of which eHealth has identified as privileged.

---

[3] Although eHealth couches its requested relief as limited early discovery to protect its privilege, its Motion's footnotes and parentheticals suggest either an effort to manufacture a purported "taint" for the Government or to exclude non-privileged statements made to Relator. *See* Hafer Decl. Ex. E, at 3 ("Humana for example they are paying for the mini site[.] Nothing more nothing less[.] The commitments on production are verbal over the phone and on spreadsheets - but nowhere on contract[.]").

7

## **CONCLUSION**

eHealth's request for early discovery fails to articulate why discovery is necessary outside the ordinary course, especially when eHealth has not taken the predicate steps to assert specific privilege claims. For the foregoing reasons, the Court should deny eHealth's Motion for early discovery.

Respectfully submitted,

| | |
|---|---|
| BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division | LEAH B. FOLEY<br>United States Attorney |
| */s/ David G. Miller*<br>Jamie Ann Yavelberg<br>Edward C. Crooke<br>David G. Miller<br>Anna H. Jugo<br>Diana E. Curtis<br>Attorneys, Civil Division<br>U.S. Department of Justice<br>175 N Street N.E.<br>Washington, D.C. 20002<br>(202) 305-2335<br>David.G.Miller@usdoj.gov<br>Anna.H.Jugo@usdoj.gov<br>Diana.E.Curtis@usdoj.gov | */s/ Charles B. Weinograd*<br>Charles B. Weinograd<br>Julien M. Mundele<br>Hillary Harnett<br>Assistant United States Attorneys<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3100<br>Charles.Weinograd@usdoj.gov<br>Julien.Mundele@usdoj.gov<br>Hillary.Harnett@usdoj.gov |
| | Attorneys for the United States |

Dated: December 23, 2025