**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ANDREW SHEA,<br><br>                *Plaintiff,*<br><br>v.<br><br>eHEALTH, Inc., *et al.*,<br><br>                *Defendants.* | Civil Action No. 21-cv-11777-DJC |

**SUPPLEMENTAL DECLARATION OF ZACHARY R. HAFER IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY REGARDING RELATOR'S UNAUTHORIZED POSSESSION OF PROTECTED MATERIALS**

I, Zachary R. Hafer, declare as follows:

1. I am an attorney licensed to practice law and in good standing with the Bar of the States of Massachusetts and New York. I am a partner at the law firm of Simpson Thacher & Bartlett LLP, which is counsel for Defendants eHealth Inc. and eHealthInsurance Services, Inc. (together, "eHealth") in the above-captioned matter. I respectfully submit this supplemental declaration in further support of eHealth's motion for leave to conduct limited early discovery regarding the relator Andrew Shea's ("Relator") unauthorized possession of protected materials. The following is based on my personal knowledge and understanding.

2. On October 24, 2025, Relator's counsel, Gregg Shapiro of Gregg Shapiro Law, LLC, contacted me by telephone and stated that Relator possessed materials that were potentially protected by eHealth's attorney-client privilege or the work-product doctrine. During that call, Relator's counsel offered to destroy the potentially protected files. I declined the offer, stated that eHealth's counsel needed to review the files, and asked that Relator's counsel arrange for the files

to be produced to eHealth. Later that day, Relator's counsel produced the first tranche of documents to eHealth ("First Tranche"), which was a 20-page PDF.

3. On November 1, 2025, Relator produced the second tranche of documents ("Second Tranche"), which was a 273-page PDF.

4. Between October 24, 2025 and December 8, 2025, I conferred extensively with counsel for Relator and the Government by phone, email, and Zoom videoconference. During those conferrals, neither Relator's counsel nor the Government requested a privilege log.

5. On December 8, 2025, Relator's counsel produced a third tranche of potentially protected materials ("Third Tranche"), which was a 21-page PDF.

6. Counsel for eHealth reviewed the First, Second, and Third Tranches to assess, *inter alia*, whether the Relator or his counsel possessed the attachments that appeared to be embedded in the emails that Relator had taken from eHealth, whether those Tranches contained materials that were protected by attorney-client privilege or the work-product doctrine, and whether materials in those Tranches were quoted in, referenced in, or otherwise linked to Relator's and the Government's pleadings. The format of the Tranches made that review more difficult, including because the Tranches are PDF files that appear to merge together multiple separate documents and because the merged documents sometimes appear not to be complete versions of the native file.

7. Several of the documents produced by Relator and his counsel are communications with eHealth attorneys seeking, or containing, legal advice.

8. eHealth deferred filing its motion as a courtesy to accommodate Relator's counsel's desire to further confer.

9.     On December 30, 2025, I sent Relator's counsel a list of the documents from the First, Second, and Third Tranches, which eHealth asserts are protected by the attorney client privilege or the work product doctrine.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 30th day of December, in Boston, Massachusetts.

_Zachary Hafer_

Zachary R. Hafer