**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**STANDING ORDER REGARDING COURTROOM OPPORTUNITIES FOR**
**<u>RELATIVELY INEXPERIENCED ATTORNEYS</u>**

**CASPER, J.**                                                                                      May 16, 2011

In May 2005, Judge F. Dennis Saylor (and then Magistrate Judge Charles B. Swartwood), sitting in the Central Division (Worcester) of this Court, adopted a standing order "strongly encourag[ing] the participation of relatively inexperienced attorneys in all court proceedings." As the Court explained at the time, the standing order was prompted by the recognition that the "[c]ourtroom opportunities for relatively inexperienced attorneys, particularly those who practice at larger firms, have declined precipitously across the nation in recent years." This standing order remains in place in the Central Division for appearances before Judge Saylor and Magistrate Judge Timothy S. Hillman and anecdotal information indicates that the order has had the desired effect of having more well prepared junior attorneys attend status conferences, argue motions to the Court, and, under appropriate supervision, examine witnesses at trial.

The decline in courtroom opportunities for newer lawyers is widely recognized and is one of concern to both the bench and bar. A Task Force of the Boston Bar Association acknowledged as much in its report, "Jury Trial Trends in Massachusetts: The Need to Ensure Jury Trial Competency Among Practicing Attorneys as a Result of the Vanishing Jury Trial Phenomenon," issued in 2006. As a result of its year-long work exploring the statistical and anecdotal evidence regarding the rate of jury trials over time, the Task Force concluded that "the 'vanishing jury trial' is actually affecting the jury trial experience of current and future generations of practitioners" and

1

made recommendations to courts, lawyers and clients to remedy this issue.    Among its recommendations to the judiciary, the Task Force called upon "judges presiding over pre-trial conferences and related matters to identify and encourage opportunities for a junior attorney to participate in the examination of witnesses or other significant trial work."

To take up this call and attempt, in some small measure, to remedy the dearth of courtroom opportunities for newer attorneys, the undersigned judge issues this standing order, substantially similar in purpose and intent to the order previously adopted by the Central Division.  **Accordingly, the undersigned judge, as a matter of policy, strongly encourages the participation of relatively inexperienced attorneys in all court proceedings including but not limited to initial scheduling conferences, status conferences, hearings on discovery motions and dispositive motions, and examination of witnesses at trial.  That said, a number of important caveats regarding professional standards, authority and supervision apply to this policy.**

1.    First and foremost, all attorneys who appear in this session will be held to the highest professional standards.  This includes relatively inexperienced attorneys with regard to knowledge of the case, overall preparedness, candor to the court and any other matter as to which experience is largely irrelevant.  All attorneys who appear in court are expected to be thoroughly versed in the factual record of the case and the applicable law that governs.

2.    All attorneys appearing in court should have a degree of authority commensurate with the proceeding.  For example, an attorney appearing at an initial scheduling conference or status conference should have the authority to commit his/her party to a discovery and motion schedule and address any other matters likely to arise including but not limited the client's willingness to be referred to mediation.

3.      Relatively inexperienced attorneys who seek to participate in evidentiary hearings of substantial complexity (e.g., examining a witness at trial), should be accompanied and supervised by a more experienced attorney unless counsel seeks and receives leave of Court to do otherwise.

The undersigned judge understands and appreciates that this standing order is not self-executing.  If it is to have the desired effect of countering the trend of declining courtroom opportunities for relatively inexperienced attorneys, it is their more experienced, supervising colleagues who must effectuate the policy articulated in this standing order.  The Court hopes that, for appropriate matters, they will do so and it encourages counsel to seek additional guidance from the Court in particular cases concerning the scope and application of this policy.

**So ordered.**

/s/ Denise J. Casper
United States District Judge