**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ANDREW SHEA,<br><br>                              *Plaintiff,*<br><br>        v.<br><br>eHEALTH, INC., *et al.,*<br><br>                              *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    No. 21-cv-11777-DJC<br>)<br>)<br>)<br>)<br>) |

**THE UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO**
**EXTEND ANSWER DEADLINES**

The Government writes to clarify two points regarding its opposition to Defendants' requested forty-four-day extension to answer the Government's Complaint. Dkt. No. 151.

First, the Government assents to a fourteen-day extension. Its opposition to an extension of more time is tethered to the existing Court-ordered and Local Rule-imposed deadlines. In particular, the Court ordered that the initial scheduling conference will take place on May 11, 2026. Dkt. No. 148. Meanwhile, Federal Rule of Civil Procedure 16 and Local Rule 16.1 impose requirements and deadlines prior to that conference, such as a Joint Statement "no later than 7 days before the scheduling conference," L.R. 16.1(d), which includes "a concise summary of the position of the plaintiff(s) and defendant(s) regarding both liability and relief sought," Dkt. No. 148. *See also* Fed. R. Civ. P. 26(f) (requiring parties' conferral "at least 21 days before a scheduling conference is to be held").

In particular, the Government aims to respect this Court's Order that "Counsel may be given a continuance [of the initial scheduling conference] only if actually engaged on trial[,]" and that compliance with Local Rule 16 is "of the utmost importance." Dkt. No. 148. At minimum, the Joint Statement and the most productive use of the Court's resources at a scheduling conference

1

likely require an understanding of Defendants' "answers and affirmative defenses," which the Defendants now request leave to identify on May 22 (i.e., eleven days *after* the initial scheduling conference).[1]  Dkt. No. 151 at 2.  So, a fourteen-day extension was the most the Government could offer Defendants absent a substantial re-setting of the Court's scheduling conference.   The Government informed Defendants of this point.  Following Defendants' request for fifty-eight days for Answers on March 26, counsel for the United States wrote in relevant part on March 27:

> We are of course willing to accommodate a reasonable extension, but do not want to re-set the court's May 11 scheduling conference or associated court-ordered and rule-based obligations (e.g., a joint statement with discovery plan).  So, the Government would agree to an extension of 14 days (to April 22)—that is, before the conference—*so that the court does not have to adjust the current schedule*.

> If Defendants move for 58 days for answers, or for some other period longer than a 14-day extension, we ask that you please note the Government's position that we would assent to a 14-day extension.

(emphasis added).  Defendants make no mention of the scheduling conference or related deadlines in seeking an additional forty-four days for their Answer.

Second, the Government notes that several of Defendants' arguments about supposed proportionality are, at best, irrelevant.  *See* Dkt. No. 151 at 2–3.  The length of the Government's investigation while this case was under seal has no bearing on extending an Answer deadline more than a year after intervention.  In fact, any "extended time" under overt investigation, *id*. at 2, cuts the other direction because it suggests that the Defendants have already had substantial time for internal investigations and consideration of possible defenses.

---

[1] On March 27, in connection with conferring on an extension to the Answer deadline, the Defendants informed the Government that they "may need to seek to reschedule the conference." The Defendants have not provided the Government with any additional information about the timing of such rescheduling.

Nor does the time between filing of the Government's Complaint-in-Intervention and seeking waiver of service bear on a requested extension, nine months later, especially after substantial intervening briefing on motions to dismiss.  In fact, on the very day the Government filed its Complaint-in-Intervention (May 1, 2025), the United States provided each of the moving Defendants with a courtesy copy of the Complaint-in-Intervention.  In other words, the Defendants have had the Complaint-in-Intervention for more than eleven months.  In any event, the Government trusts that the Defendants would not be "unfairly prejudice[d]" by answering in double the time prescribed by the Federal Rules (i.e., a fourteen-day extension, to which the Government does assent).  Dkt. No. 151 at 3.

| | |
|---|---|
| BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division | LEAH B. FOLEY<br>United States Attorney |
| /s/ David G. Miller<br>Jamie Ann Yavelberg<br>Edward C. Crooke<br>David G. Miller<br>Anna H. Jugo<br>Diana E. Curtis<br>Attorneys, Civil Division<br>U.S. Department of Justice<br>175 N Street N.E.<br>Washington, D.C. 20002<br>(202) 305-2335<br>David.G.Miller@usdoj.gov<br>Anna.H.Jugo@usdoj.gov<br>Sara.B.Hanson@usdoj.gov<br>Diana.E.Curtis@usdoj.gov | /s/ Charles B. Weinograd<br>Charles B. Weinograd<br>Abraham R. George<br>Julien M. Mundele<br>Hillary Harnett<br>Assistant United States Attorneys<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3100<br>Charles.Weinograd@usdoj.gov<br>Abraham.George@usdoj.gov<br>Julien.Mundele@usdoj.gov<br>Hillary.Harnett@usdoj.gov |

Attorneys for the United States

Dated: April 2, 2026

3