**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ANDREW SHEA, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) No. 21-cv-11777-DJC |
| eHEALTH, INC., *et al.*, | ) ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF
THE COURT'S MARCH 25, 2026, MEMORANDUM AND ORDER**

## I.    INTRODUCTION

Defendants, by and through undersigned counsel, respectfully move for partial reconsideration of the Court's March 25, 2026 Memorandum and Order ("Order") (ECF 147) denying Defendants' Motion to Dismiss (ECF 114) as to Counts I, II, IV, and VI of the Government's Complaint in Partial Intervention ("Complaint") (ECF 41). Defendants seek reconsideration on a single legal issue: whether a Medicare Advantage ("MA") plan itself, or an enrollment in such a plan, is an "item" or "service" under the Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b(b).[1] Defendants respectfully submit that those things cannot constitute "items" or "services" for purposes of the AKS and that the Court erred by ruling otherwise.

The Court seemingly misunderstood Defendants' argument on this issue. Specifically, the Court understood Defendants to be arguing that the definition of *remuneration* hinges on the recommendation of a "good . . . service, or item." ECF 147 at 17. That was not Defendants' argument, and by reading their argument in this way, the Court did not address Defendants'

---

[1] Defendants do not waive, and specifically reserve, all rights to later challenge other aspects of the Order. Defendants presently seek reconsideration of this single issue because, as a pure question of law, it is uniquely suited to a motion for reconsideration.

structural argument that an MA plan cannot both be a "Federal health care program," and an "item" or "service" paid for by such program under the AKS.  Because the Complaint alleges violations of the AKS as a predicate element of four of the remaining six counts, the significance of the Court's misunderstanding of Defendants' argument, and resulting error, cannot be overstated.  *See* Compl. at Counts I, II, IV, and VI.

## II.   LEGAL STANDARD

"[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (1st Cir. 2000); *see Boniface v. Viliena*, 145 F.4th 98, 112 (1st Cir. 2025) ("Reconsideration may be proper where the district court has misunderstood a party or made an error of apprehension.") (cleaned up).  "[T]he 'district court has substantial discretion and broad authority to grant or deny' a motion for reconsideration." *United States v. McCarthy*, 814 F. Supp. 3d 135, 138 (D. Mass. 2026) (quoting *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 81 (1st Cir. 2008)).

## III.   ARGUMENT

The Government's Complaint alleges violations of the AKS as a predicate to alleged violations of the False Claims Act in Count I[2], Count II[3], Count IV[4], and Count VI[5].  To survive a motion to dismiss these claims, the Government must—at minimum—plausibly plead facts establishing all required elements of an AKS violation, as well as the remaining elements of an FCA claim.  *See Omni Healthcare, Inc. v. MD Spine Sols. LLC*, 761 F. Supp. 3d 356, 363 (D. Mass. 2025); *United States v. Teva Pharms. USA, Inc.*, 560 F. Supp. 3d 412, 418 (D. Mass. 2021). As relevant here, the elements of an AKS violation include: (1) knowingly and willingly (2) paying

---

[2] 31 U.S.C. § 3729(a)(1)(A).
[3] 31 U.S.C. § 3729(a)(1)(A).
[4] 31 U.S.C. § 3729(a)(1)(B).
[5] 31 U.S.C. § 3729(a)(1)(C).

or receiving remuneration (3) to induce the recipient to refer an individual to a person for the furnishing or arranging for the furnishing of any item or service (4) for which payment may be made in whole or in part under a Federal health care program.  42 U.S.C. § 1320a-7(b)(1)(A). Thus, the element of paying or receiving remuneration is *distinct* from the element of inducing a referral for the furnishing of an item or service.  That is, whether the Government has alleged *remuneration* and whether it has alleged an *item or service* are separate questions.

In its decision, the Court concluded that "MA plans can be considered as 'item[s] or service[s]' for purposes of establishing remuneration under the AKS" and, "*[a]ccordingly*, the … marketing payments alleged to have been dispensed by Defendant Insurers over a span of years to Defendant Brokers sufficiently constitute *anything of value*." ECF 147 at 17 (first emphasis added; second emphasis in original).  This conflates the concepts of remuneration on the one hand, and referrals for purposes of establishing a claim under the AKS on the other.  While Defendants brought a *separate* challenge to the Complaint's allegations on remuneration, *see* ECF 115 at 21, Defendants' argument on items or services *assumed* that the Complaint alleged remuneration, *id.* at 16 ("The AKS does not apply to every payment or receipt of 'remuneration'").  As to items or services, Defendants' contention was that the Complaint failed to sufficiently allege that there was a referral for *items or services* for which payment would be made in whole or in part under a Federal health care program.  *See id.* at 16–21.  That is because neither an MA plan nor an enrollment in an MA plan[6] are "items or services" as that term is used in the AKS.  In other words, whether an MA plan is considered an "item or service" for the purposes of pleading an alleged AKS violation has no bearing on what is considered remuneration under the statute (*i.e.*, anything

---

[6] The Government does not dispute Defendants' argument that *enrollments* in an MA Plan do not constitute a "good," "item," "service," or "facility" as required to implicate the AKS.  ECF 115 at 16–17 (citing 42 U.S.C. § 1320a-7b(b)(2)).  Instead, the Government purported a new theory is that MA plans themselves are an "item" or a "service."

of value). To illustrate: the offer or payment of $100,000 in cash (clearly a form of "remuneration") in exchange for something that is ***not*** a referral or recommendation related to an item or service for which payment would be made in whole or part by a Federal health care program does not violate the AKS as a matter of law—not due to the lack of remuneration (one required element) but instead due to the lack of any qualifying item or service that is being referred or recommended in exchange for such remuneration (a separate and independent required element).   Because the Court's decision on a key element of four of the six remaining Counts of the Complaint incorrectly merged the principles of remuneration and referrals for items and services under the AKS, the decision should be reconsidered.

By conflating remuneration with qualifying items and services, the Court inadvertently avoided one of Defendants' key arguments: that interpreting an MA plan to be an "item or service" under the AKS creates an irresolvable structural problem within the statute.  As Defendants noted, the AKS applies to "item[s] or service[s]" only if they are also something "for which payment may be made in whole or in part under a Federal health care program," 42 U.S.C. § 1320a-7b(b)(2), and the AKS defines "Federal health care program" to include a "plan or program that provides health benefits," which encompasses MA plans, *id.* § 1320a-7b(f)(1).  *See* ECF 128 at 8–9. Because MA plans are "Federal health care program[s]" under the AKS, treating such plans as an "item or service" paid *under* a Federal health care program requires reading the same MA plan as both the Federal health care program *and* the item provided under it.  This interpretation creates a nonsensical loop to which the Government does not respond, and the Court's failure to address this as a result of its error of apprehension necessitates reconsideration.

Reconsideration is particularly warranted here because, as noted in Defendants motion to dismiss (*see* ECF 115 at 18 n.5), this Court is the first to be squarely presented with the argument that MA plans cannot be items or services under the AKS.

## CONCLUSION

Four counts in the Complaint rely on a predicate AKS violation (Counts I, II, IV, and VI). The AKS applies only to remuneration to induce the furnishing of an "item or service" for which payment may be made under a Federal health care program.  42 U.S.C. § 1320a-7b(b)(2).  Because an MA plan is not an "item or service," the four counts predicated on AKS violations (Counts I, II, IV, and VI) should have been dismissed.  The Order misapprehended Defendants' arguments on this issue and, for that reason, the Court should grant reconsideration.

Dated: April 30, 2026                                Respectfully submitted,

/s/ *Zachary R. Hafer*                               /s/ *Holly M. Conley*
Zachary R. Hafer (BBO #569389)                       Enu Mainigi (*pro hac vice*)
Adam M. Katz (BBO #706834)                           Kenneth Brown (*pro hac vice*)
Timothy J. Conklin (BBO #710857)                     Holly M. Conley (*pro hac vice*)
Isabel C. McGrath (BBO #712925)                      Benjamin Hazelwood (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP                       Jeffrey G. Ho (BBO #714047)
855 Boylston Street                                  WILLIAMS & CONNOLLY LLP
Boston, MA 02116                                     680 Maine Avenue SW
Telephone: (617) 778-9200                            Washington, DC 20024
zachary.hafer@stblaw.com                             Telephone: (202) 434-5000
adam.katz@stblaw.com                                 emainigi@wc.com
timothy.conklin@stblaw.com                           kbrown@wc.com
isabel.mcgrath@stblaw.com                            hconley@wc.com
*Counsel to eHealth, Inc. and*                       bhazelwood@wc.com
                                                     jho@wc.com
                                                     *Counsel to CVS Health Corporation, Aetna*
                                                     *Life Insurance Company, and Aetna Inc.*

                                                     /s/ *Erik W. Weibust*
                                                     Erik W. Weibust (BBO #663270)
                                                     Clay Lee (*pro hac vice*)
                                                     EPSTEIN BECKER & GREEN PC

*eHealthInsurance Services, Inc.*


/s/ Richard Westling
Richard Westling (*pro hac vice*)
PROSKAUER ROSE, LP
1001 Pennsylvania Ave., NW,
Suite 600 South
Washington, DC 20004
Telephone: (202) 416-5876
rwestling@proskauer.com
*Counsel to SelectQuote, Inc*


/s/ Kelly H. Hibbert
Kelly H. Hibbert (*pro hac vice*)
Michael Shaheen (*pro hac vice*)
Troy Barsky (*pro hac vice*)
Payal Nanavati (*pro hac vice*)
Lauren J.R. Nunez (BBO #687390)
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 624-2500
khibbert@crowell.com
mshaheen@crowell.com
tbarsky@crowell.com
pnanavati@crowell.com
lnunez@crowell.com
*Counsel to Humana Inc.*


/s/ Lisa M. Noller
Lisa M. Noller (*pro hac vice*)
Patrick J. McMahon (*pro hac vice*)
Jamie Steven (BBO #705904)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654
Telephone: (312) 832-4500
lnoller@foley.com
pmcmahon@foley.com
jsteven@foley.com
*Counsel to Elevance Health, Inc.*

One Financial Center, Suite 1520
Boston, MA 02111
Telephone: (617) 603-1090
eweibust@ebglaw.com
clee@ebglaw.com
*Counsel to SelectQuote, Inc.*


/s/ Jonathan L. Kotlier
Jonathan L. Kotlier (BBO #545491)
NUTTER, MCLENNEN & FISH, LLP
Seaport West, 155 Seaport Blvd.
Boston, MA 02110
Telephone: (617) 439-2000
jkotlier@nutter.com
*Counsel to Humana, Inc.*


/s/ Laura McLane
Laura McLane (BBO #644573)
David Gacioch (BBO #660784)
Mara Theophila (BBO #704763)
Natasha Dobrott (BBO #705287)
MCDERMOTT WILL & SCHULTE LLP
200 Clarendon Street, 58th Floor
Boston, MA 02116
Telephone: (617) 535-4410
lmclane@mwe.com
dgacioch@mwe.com
mtheophila@mwe.com
ndobrott@mwe.com
*Counsel to GoHealth, Inc.*

6

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon all

counsel of record via ECF on April 30, 2026.

*/s/ Kelly H. Hibbert*
Kelly H. Hibbert
Dated: April 30, 2026
