**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ANDREW SHEA, <br><br> *Plaintiff,* <br><br> v. <br><br> eHEALTH, Inc., *et al.*, <br><br> *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Civil Action No. 21-cv-11777-DJC**

## DEFENDANTS' MOTION TO UNSEAL ALL PRE-INTERVENTION FILINGS

In light of the strong presumption of public access to judicial filings, the defendants' right to the full procedural history of this case to assess and prepare their defenses, and the Government's recent acknowledgment that it will not intervene against WellCare, the Court should unseal all pre-intervention docket entries in this case. There is no longer any valid reason for the Government's three years of pre-intervention filings to remain sealed.

## BACKGROUND

On November 2, 2021, Relator filed a *Qui Tam* Complaint under seal against eHealth, Inc., eHealthInsurance Services, Inc. (collectively, "eHealth"), Aetna Life Insurance Company, Humana Inc. ("Humana"), WellCare Health Plans, Inc., Anthem, Inc.,[1] Devoted Health, Inc., GoHealth, Inc., SelectQuote, Inc., and AllScripts Healthcare, LLC. ECF No. 1. For over three years, the Government investigated Relator's allegations. *See* ECF No. 34. Defendants produced hundreds of thousands of pages of materials, made personnel available for interviews, and delivered detailed presentations to the Government. Finally, in January 2025, the Government

---

[1] Anthem is now known as Elevance Health. ECF No. 41 ¶ 9.

filed under seal its notice of intervention. *Id.* It elected to intervene as to eHealth, Aetna, Elevance Health, Humana, GoHealth, and SelectQuote; it declined to intervene as to AllScripts; and it withheld its intervention decision as to Devoted Health and WellCare because it had still not completed its investigation of those entities. *Id.* at 1.

In its intervention notice, the Government requested that all pre-intervention filings remain sealed. *Id.* at 2. About three months later, while the case remained under seal, the Relator filed an Amended *Qui Tam* Complaint ("Amended Complaint"), ECF No. 40; two days after that, the Government filed its own complaint, ECF No. 41, and all of the complaints were unsealed. There are, however, 37 docket entries that are not visible on the public docket (or otherwise available to defendants), dated between November 2021, when the Relator filed the *Qui Tam* Complaint, and May 1, 2025, when the Government filed its complaint. ECF Nos. 1, 34, 40. As of May 1, 2025, the date the Government filed its complaint, the Relator's claims against WellCare were the only claims as to which the Government had not yet made an intervention decision.[2]

The defendants to the intervened claims moved to dismiss the Government's Complaint, ECF Nos. 114–117, which the Court denied in part, ECF No. 147. At the scheduling conference, the Government contended that it was entitled to continue withholding its intervention decision with respect to WellCare because the Government's investigation was ongoing, fifteen months after it filed its Complaint and over three years after Relator filed his *Qui Tam* Complaint. *See* ECF No. 174. The Court ordered the Government to file a brief explaining "the legal basis for not

---

[2] AllScripts and Devoted Health were dropped from Relator's Amended Complaint and the Government's Complaint. *Compare* ECF No. 1, *with* ECF No. 40, *and* ECF No 41.

intervening 'at this time' while it 'continues its investigation' as to WellCare claims" and, *inter alia*, "whether it intends to intervene." *Id.*

On the day the Government's brief was due, Relator voluntarily dismissed all remaining non-intervened claims with prejudice as to himself but without prejudice as to the Government. ECF No. 190. Then, rather than filing the brief ordered by the Court, the Government consented to the dismissal, stated that it did not intend to intervene in the claims against WellCare, and asserted to the Court that—as a result of the abrupt and apparently choreographed dismissal—the Court's questions were "answer[ed] and moot[ed]." ECF No. 191 at 2 n.1.

### ARGUMENT

"Courts have long recognized that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system," and this recognition is embodied in "a common-law right of access to 'judicial documents.'" *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013) (quotation marks omitted). Though the False Claims Act requires realtors to file their complaints and written disclosures under seal, 31 U.S.C. § 3730(b)(2), courts regularly unseal pre-intervention filings once the complaint is unsealed, *e.g.*, *U.S. ex rel. Compton v. HCR ManorCare, Inc.*, 2026 WL 1066520, at *7 (E.D. Pa. Apr. 17, 2026) (rejecting Government's request for indefinite sealing of pre-intervention filings); *U.S. ex rel. Health Outcomes Techs. v. Hallmark Health Sys., Inc.*, 349 F. Supp. 2d 170, 174 (D. Mass. 2004) (collecting cases). "[A]gainst the backdrop of the presumption of access to public records," *Compton*, 2026 WL 1066520, at *6 (quotation marks omitted), courts typically weigh the public's and defendants' interest in obtaining the information with the Government's interest in continued confidentiality, *Hallmark Health Sys.*, 349 F. Supp. 2d at 174; *Compton*, 2026 WL 1066520, at *4. Though the FCA itself is silent "as to whether government submissions, if any, filed in support of

3

the government's good cause requirement for extensions of time, should be unsealed along with the complaint," *U.S. ex rel. Kammarayil v. Sterling Operations, Inc.*, 2018 WL 6839747, at *3 (D.D.C. Dec. 31, 2018) (quotation marks omitted); *accord* 31 U.S.C. § 3730, the defendants' right to prepare their defense, coupled with the public's right of access to three years of pre-intervention filings, strongly outweigh any ongoing need for secrecy with respect to a now-concluded investigation.

**A.    The Government Cannot Overcome the Strong Presumption of Public Access.**

**1.**    To date, the Government has offered no reason why any entries on the docket should remain sealed. To overcome the strong presumption of public access, the Government must offer a reason—and more than "broad allegations of harm." *Compton*, 2026 WL 1066520, at *4. Though the FCA provides for sealing as to prevent a relator's civil complaint from tipping off a defendant in a pending federal investigation, *State Farm Fire & Cas. Co. v. U.S. ex rel. Rigsby*, 580 U.S. 26, 34 (2016); *Compton*, 2026 WL 1066520, at *3, once the complaint is unsealed, as it is here, that rationale dissolves.

**2.**    There is no harm in unsealing materials that reveal that the Government investigated WellCare because the existence of that aspect of the investigation is now public. ECF No. 174.[3] To the contrary, "the public has a strong interest in understanding the steps the United States took to investigate this matter before electing to intervene and the reasons why it took the" time that it did in doing so. *Compton*, 2026 WL 1066520, at *6.

---

[3] To the extent the interests of unnamed third parties are implicated, redaction is the appropriate remedy, rather than wholesale sealing. *Compton*, 2026 WL 1066520, at *7 (lifting the blanket seal over pre-intervention filings and giving the government an opportunity to submit redactions before the filings become public).

**B.      Defendants Have a Strong Interest in the Sealed Filings.**

**1.**      Defendants are entitled to the full procedural history in this case. Among other reasons, access to the sealed filings will allow Defendants to assess potential defenses related to the significant duration of the Government's investigation. *See*, *e.g.*, *In re Pharm. Indus. Average Wholesale Price Litig.*, 498 F. Supp. 2d 389, 398–99 (D. Mass. 2007) (recognizing that "egregious delay [in intervening] may be sufficiently prejudicial to trigger due process concerns"); *id.* at 399 n.6 (noting that "long delays are quite troubling" because "[e]vidence spoils, memories fade, and prejudice may result," and citing an order requiring the Government to make its intervention decision "after approximately three years of investigation"); *U.S. ex rel. Martin v. Life Care Ctrs. of Am., Inc.*, 912 F. Supp. 2d 618, 623 (E.D. Tenn. 2012) (describing a four-year sealing period as "border[ing] on the absurd" and a product of the Government's use of "the under-seal period as a means of conducting unchecked discovery in an effort to build a more complete case against Defendant").

## CONCLUSION

Consistent with the strong presumption of public access to judicial filings, the defendants' right to the full procedural history of this case to assess and prepare their defenses, and the Government's recent acknowledgment that it will not intervene against WellCare, defendants respectfully request that this Court:

A.      Grant this motion;

B.      Enter an Order unsealing all prior filings in this action.

Dated: July 14, 2026                                    Respectfully submitted,


*/s/ Zachary R. Hafer*                                  */s/ Holly M. Conley*
Zachary R. Hafer (BBO #569389)                          Enu Mainigi (*pro hac vice*)
Adam M. Katz (BBO #706834)                              Kenneth Brown (*pro hac vice*)
Timothy J. Conklin (BBO #710857)                        Holly M. Conley (*pro hac vice*)
Isabel C. McGrath (BBO #712925)                         Benjamin Hazelwood (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP                          Jeffrey G. Ho (BBO #714047)
855 Boylston Street                                     WILLIAMS & CONNOLLY LLP
Boston, MA 02116                                        680 Maine Avenue SW
Telephone: (617) 778-9200                               Washington, DC 20024
zachary.hafer@stblaw.com                                Telephone: (202) 434-5000
adam.katz@stblaw.com                                    emainigi@wc.com
timothy.conklin@stblaw.com                              kbrown@wc.com
isabel.mcgrath@stblaw.com                               hconley@wc.com
*Counsel to eHealth, Inc. and*                          bhazelwood@wc.com
*eHealthInsurance Services, Inc.*                       jho@wc.com
                                                        *Counsel to CVS Health Corporation, Aetna*
                                                        *Life Insurance Company, and Aetna Inc.*


*/s/ Richard Westling*                                  */s/ Erik W. Weibust*
Richard Westling (*pro hac vice*)                       Erik W. Weibust (BBO #663270)
PROSKAUER ROSE, LP                                      Clay Lee (*pro hac vice*)
1001 Pennsylvania Ave., NW, Suite 600 South             EPSTEIN BECKER & GREEN PC
Washington, DC 20004                                    One Financial Center, Suite 1520
Telephone: (202) 416-5876                               Boston, MA 02111
rwestling@proskauer.com                                 Telephone: (617) 603-1090
*Counsel to SelectQuote, Inc.*                          eweibust@ebglaw.com
                                                        clee@ebglaw.com
                                                        *Counsel to SelectQuote, Inc.*

6

*/s/ Kelly Hibbert*
Kelly Hibbert (*pro hac vice*)
Matthew M. Curley (*pro hac vice*)
Scott D. Gallisdorfer (*pro hac vice*)
Emily Farmer (*pro hac vice*)
Becca Guthrie (*pro hav vice*)
BASS, BERRY & SIMS PLC
1201 Pennsylvania Avenue Nw Suite 300
Washington, DC 20004
202-827-2992
Kelly.Hibbert@bassberry.com
Mcurley@bassberry.com
Scott.Gallisdorfer@bassberry.com
Emily.Farmer@bassberry.com
Rebecca.Guthrie@bassberry.com
*Counsel to Humana Inc.*


*/s/ Troy Barsky*
Troy Barsky (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 624-2500
tbarsky@crowell.com
*Counsel to Humana Inc.*


*/s/ Jonathan L. Kotlier*
Jonathan L. Kotlier
Mariel T. Smith
NUTTER, MCCLENNEN & FISH, LLP
Seaport West 155 Seaport Boulevard
Boston, MA 02210
617-439-2000
Jkotlier@nutter.com
Msmith@nutter.com
*Counsel to Humana Inc.*

*/s/ Laura McLane*
Laura McLane (BBO #644573)
David Gacioch (BBO #660784)
Mara Theophila (BBO #704763)
Natasha Dobrott (BBO #705287)
MCDERMOTT WILL & SCHULTE LLP
200 Clarendon Street, 58th Floor
Boston, MA 02116
Telephone: (617) 535-4410
lmclane@mcdermottlaw.com
dgacioch@ mcdermottlaw.com
mtheophila@ mcdermottlaw.com
ndobrott@ mcdermottlaw.com
*Counsel to GoHealth, Inc.*


*/s/ Lisa M. Noller*
Lisa M. Noller (*pro hac vice*)
Patrick J. McMahon (*pro hac vice*)
Jamie Steven (BBO #705904)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 3000
Chicago, Illinois 60654
Telephone: (312) 832-4500
lnoller@foley.com
pmcmahon@foley.com
*Counsel to Elevance Health, Inc.*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via ECF on July 14, 2026.

*/s/ Zachary R. Hafer*
Zachary R. Hafer

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(2), I hereby certify that movants' counsel conferred with counsel for Relator and the Government in good faith to resolve or narrow the issues presented by this motion. The Government does not oppose defendants' motion insofar as it seeks to unseal "notices of attorney appearance, court orders, or documents filed after the Government noticed intervention." The Government did not advise defendants why it believes any pre-intervention filings should remain sealed but indicated that it opposes the motion as to those filings. Relator's counsel is not aware of any filings made by Relator that remain under seal and took no position on the motion.

/s/ Zachary R. Hafer
Zachary R. Hafer